BRECKINRIDGE *v.* BRECKINRIDGE.

Opinion delivered May 7, 1906.

1. JUDGMENT—ORDER SETTING ASIDE—PRESUMPTION.—Where an order in a divorce suit allowing alimony and attorney's fees was set aside at a subsequent term as being void, but the evidence taken at the hearing was not preserved, it will be presumed in a collateral proceeding that the order was properly set aside for one of the grounds mentioned in Kirby's Digest, § 4431. (Page 599.)

2. DIVORCE—CUSTODY OF CHILDREN—EVIDENCE.—In a suit by a husband for a divorce on the ground of the wife's cruelty, evidence as to adultery committed by the wife was properly considered by the chancellor in determining whether the wife was a proper person to have custody of children of tender years. (Page 600.)

3. SAME—CUSTODY OF CHILDREN.—In granting a divorce to a husband, the court will not remove the infant children of tender age from the custody of the mother's parents, notwithstanding the mother's character is bad, if the grandparents offer the children a home and proper care, which the father is unable to supply them. (Page 600.)

Appeal from Garland Chancery Court; *Leland Leatherman,* Chancellor.

James H. Breckinridge brought suit for divorce against his wife, Mary Breckinridge, alleging cruelty as ground. He recovered a decree, and was awarded custody of their two infant children. Mrs. Breckinridge has appealed. Reversed in part.

*Greaves & Martin* and *Gustave Jones,* for appellant.

1. After the expiration of the term, a judgment can be set aside only in the way and for the reasons specified by the statute, Kirby's Digest, § 4431, or by bill of review. 33 Ark. 434; 52 Ark. 316; 53 Ark. 110.

2. The complaint does not charge the defendant with adultery, and evidence tending to show it was irrelevant and inadmissible. But if it had been charged, and if it were true, appellee by his conduct will be held to have condoned the offense. 65 Ark. 87; 73 Ark. 280. Having condoned the offense, he can not retract it. 23 Ark. 615.

3. It was error to award the custody of the children to appellee. The proof shows that he is not a proper person to have their custody, that he has no home and has never contributed to their support. On the other hand, they have a good home with the mother at the home of her parents, and because of their tender age she should have their present custody. 64 Ark. 518.

*Wood & Henderson,* for appellee.

1. Appellee had dismissed the Lawrence County suit, before appellant had appeared therein or filed any plea or answer as provided by statute. Kirby's Digest, § 6168. The order of the Lawrence Chancery Court, upon which is based the plea in abatement, was made after the suit was dismissed, without notice to appellee, and it was therefore void. *Ib.* § 4424. That court was authorized to set the order aside after the expiration of the term. Kirby's Digest, § 4431, subdiv. 4.

2. The doctrine of condonation does not apply where the ground relied on is acts and conduct on the part of the defendant rendering the condition of the plaintiff in life intolerable. 56 S. W. 861; 2 Bishop, Mar., Div. and Sep. § 306. Evidence as to the moral character of appellant was admissible for consideration in determining the question as to the custody of the children.

HILL, C. J. 1. Breckinridge brought a divorce suit against his wife in Lawrence County on the ground of adultery. On the 27th of February, 1905, he paid the costs and dismissed the ac-

tion.   Subsequently his wife filed answer and cross-complaint, upon which an order for alimony and attorney's fees was made in her favor.   At a subsequent term Breckinridge moved to set aside said order, and on hearing before the court, both sides represented, oral testimony was taken, and the court set aside the order as void.   The evidence taken at that hearing is not preserved, and the court must presume that the evidence brought the cause within some of the causes mentioned in section 4431, Kirby's Digest, authorizing the court to set aside judgments and orders after the term.   Breckinridge brought this suit in Garland County, where he was residing after he had dismissed in Lawrence County, and to the Garland County suit the Lawrence County proceeding was pleaded; but, as it was properly set aside by the court rendering it, of course it could not avail.

  2.   The counsel for· appellant frankly admits that the evidence adduced, if believed, was sufficient to entitle appellee to a decree for divorce.   This evidence comes here accredited by the chancellor, and in the main it is uncontradicted save by the appellant.   It sustains the allegation of cruel treatment, and also sustains the charge of adultery which was made in the Lawrence County court, but not in this suit.   Objection is raised to this evidence as to adultery having been admitted; but as each party was seeking the custody of the children, it was entirely proper to show the character of each, in order that the court could determine the best interests of the children.   The main question in the case is over the custody of the children, one a girl of 4 and a boy of 3.   The husband intended having his sister take care of and rear them, and the evidence shows that would have been a good and fitting home for them, but the sister died before the case went to trial.   The evidence establishes that the father is not the kind of man that should have the care and control of these little children.   He can offer no home for them, and his character is shown to be such that his rearing of them does not promise anything for their good.   The mother's character is proved to be bad, and at times she was shown to be unkind to the children.   Mrs. Breckinridge and the children, after the separation of these parties, went to the parents of Mrs. Breckinridge, Mr. and Mrs. R. E. Jones, at Alicia, Lawrence County.   These grandparents are caring for the children, and offer to care and provide for them, to

see that they are treated kindly and properly reared. Unfortunately, these grandparents do not escape the fate of other parties in this record, and there is considerable testimony to show that their home is not suitable for the children, and among other things a bill for divorce brought by Mr. Jones against his wife in which he makes serious charges against her. But that suit was dismissed. Mr. Jones says he was misinformed, and has become reconciled to his wife.

The court is satisfied that the children will be better off with their grandparents and their mother than with the father during their tender years at least. There they have a home and a mother's and grandparents' care. The evidence leaves hope that the mother's conduct, when in the home of her parents, will not be as when living alone.

The chancellor found that the children were under the control of Mr. Jones at Alicia, and ordered that a writ be issued to the sheriff of Lawrence County to take the children from the grandparents and deliver them to Breckinridge. In this there is error, and so much of the decree is reversed, and the cause remanded for proper orders for visitation and support to be made in the premises which the chancellor may find proper and not inconsistent herewith. The decree, in so far as it divorces this couple and in all other things except the custody of the children, is affirmed.